UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| : | Civil Action No.06-4479 |
| DILSON ALMANZAR, ET AL. |  |
| : | SCHEDULING ORDER |
| Plaintiff(s),  : |  |
|  | Hon.  Peter G. Sheridan, USDJ |
| v.  : |  |
| MORGAN FUNDING CORP., ET AL. |  |
| Defendant(s).  : |  |

TO:

Koles, Burke & Bustillo, LLP
2600 Kennedy Blvd.
Jersey City, NJ 07306
Attn: John M. Burke, Esq.

Reed Smith, LLP
Princeton Forrestal Village
136 Main Street
Suite 250
Princeton, NJ 08540
Attn: Diane Bettino, Esq.

Price, Meese, Shulman & D'Arminio, PC
Mack-Cali Corporate Center
50 Tice Boulevard
Woodcliff Lake, NJ 07677
Attn: Reginald Jenkins Jr., Esq.

Wilson, Elser, Moskowitz,
Edelman & Dicker, LLP
33 Washington Street
Newark, NJ 07102
Attn: Thomas F. Quinn, Esq.

It is on this   20th   day of February , 200

ORDERED THAT:

(1) A scheduling conference  be conducted before the undersigned at **10:00 A.M.** on **March 15th,  2007**, in Courtroom 2C, Martin Luther King, Jr., Federal Building and Court House, 50 Walnut Street, Newark, New Jersey.  See Local Civil Rule 16.1(a)(1);

(2) Early disclosure requirements of Fed. R. Civ. P. 26 will be enforced.  Therefore, the parties shall immediately exchange the information described in Fed. R. Civ. P. 26(a)(1)(A) - (D) without awaiting a discovery request.[1]:

(3) At least twenty-one (21) days prior to the conference scheduled herein, the parties shall confer pursuant to Fed. R. Civ. P. 26(f).  Within fourteen (14) days after they confer, the parties shall submit a discovery plan to the undersigned.  The parties are directed to Local Civil Rule 26.1(b)(2), which describes the matters to be discussed when they confer and  the content of the discovery plan.  THE DISCOVERY PLAN SHALL BE IN THE FORM ATTACHED AND SHALL BE SUBMITTED JOINTLY.

(4) Unless the parties stipulate otherwise,  the case management order will limit the number of interrogatories (25) and depositions (10) which each party may seek.  See Fed. R. Civ. P. 26(b), 26(d).

---

[1]Certain categories of cases are exempt from early disclosure requirements.  See Fed. R. Civ. P. 26(a)(1)(f).

(5) At the conference with the Court, all parties who are not appearing pro se shall be represented by counsel who shall have full authority to bind their clients in all pretrial matters. Local Civil Rule 16.1(a)(3);

(6) Plaintiff(s) shall notify any party who hereafter enters an appearance of the conference scheduled herein and forward to that party a copy hereof;

(7) The parties shall advise the undersigned immediately if this action has been settled or terminated so that the conference scheduled herein may be cancelled;

(8) Communications to the Court by facsimile will not be accepted.  All communications shall be in writing or by telephone conference;

(9) The parties are directed to Local Civil Rule 26.1(d), which addresses "discovery of digital information including computer-based information," describes the obligations of counsel with regard to their clients' information management systems, and directs parties to "confer and attempt to agree on computer-based and other digital discovery matters;"

(10) The Court has various audio/visual and automated evidence presentation equipment available to the Bar for use at no cost.  This equipment includes an evidence presentation system, which consists of a document camera and a projector.  The projector may be used to display images which originate from a variety of sources, including television,  VCR, and  personal computer.  The document camera may be used to display documents, photographs, charts, transparencies and small objects.  For further information, please contact Nadine Mauro, the Deputy Clerk of the undersigned; and

(11) Failure to comply with the terms hereof may result in the imposition of sanctions.

        s/ Ronald J. Hedges
RONALD J. HEDGES
UNITED STATES MAGISTRATE JUDGE

Orig.: Clerk
cc: U.S.D.J.
     All parties
     File

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|                      |   |                    |
|----------------------|---|--------------------|
|                      | : | Civil Action No.   |
| Plaintiff(s),        | : | Hon.               |
| v.                   | : | DISCOVERY PLAN     |
|                      | : |                    |
| Defendant(s).        | : |                    |

1.   Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

   _____

   _____

   _____

2.   Set forth a brief description of the case, including the causes of action and affirmative defenses asserted.

   _____

   _____

   _____

3.   Has this action been: Settled: _____ Discontinued: _____

   If so, has there been a Stipulation/Dismissal filed?

   Yes _____ No _____

4.   Have settlement discussions taken place? Yes _____ No _____

If so, when? _____

    (a)    What was plaintiff's last demand?

          (1)    Monetary demand: $ _____
          (2)    Non-monetary demand: _____

    (b)    What was defendant's last offer?

          (1)    Monetary offer:   $ _____
          (2)    Non-monetary offer: _____

5. The parties [have _____ -have not _____] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

_____

_____

_____

6. Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1).

_____

_____

_____

7. The parties [have _____ -have not _____] conducted discovery other than the above disclosures. If so, describe.

_____

_____

_____

8.  The parties [have _____ -have not _____] met pursuant to Fed. R. Civ. P. 26(f):

_____

_____

_____

    (a)  If not, state the reason therefor.

_____

_____

_____

    (b)  If so, state the date of the meeting and the persons in attendance.

_____

_____

9.  The following [is _____ -is not _____] a proposed joint discovery plan.

    (a)   Discovery is needed on the following subjects:

_____

_____

_____

    (b)   Discovery [should _____ -should not _____] be conducted in phases or be limited to particular issues. Explain.

_____

_____

_____

    (c)   Maximum of _____ Interrogatories by each party to each other party.

    (d)   Maximum of _____ depositions to be taken by each party.

    (e)   Plaintiff's expert report due on _____.

    (f)   Defendant's expert report due on _____.

    (g)   Motions to amend or to add parties to be filed by _____.

    (h)   Dispositive motions to be served within _____ days of completion of discovery.

    (i)   Factual discovery to be completed by _____.

    (j)   Expert discovery to be completed by _____.

    (k)   Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:

_____

_____

_____

    (l)    A pretrial conference may take place on _____.

    (m)   Trial date: _____.

10.   Do you anticipate any discovery problem(s)?  Yes _____ No _____

    If so, explain.

_____

_____

_____

11.   Do you anticipate any special discovery needs (<u>i.e.</u>, videotape/telephone depositions. Problems with out-of state witnesses or documents, etc.)?  Yes _____ No _____

    If so, explain.

_____

_____

_____

12.   State whether this case is appropriate for voluntary arbitration (pursuant to <u>Local Civil Rule</u> 201.1 or otherwise), mediation (pursuant to <u>Local Civil Rule</u> 301.1 or otherwise), appointment of a special master or other special procedure.  If not, explain why and

state         whether any such procedure may be appropriate at a later time (<u>i.e.</u>, after exchange of
      pretrial disclosures, after completion of depositions, after disposition or dispositive motions,       etc.).

_____

_____

_____

13.   Is this case appropriate for bifurcation? _____ No _____

14.   An interim status settlement conference (with clients in attendance), should be held in

      _____.

15.   We [do _____ do not _____] consent to the trial being conducted by a
      Magistrate Judge.


                                          _____
                                          Attorney(s) for Plaintiff(s)


                                          _____
                                          Attorney(s) for Defendant(s)